United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § § | CRIMINAL NO. 2:15-302-2 CIVIL NO. 2:16-350 |
| LYNETTE MARTINEZ-PENA, Defendant/Movant. | § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Lynette Martinez-Pena's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 68. The United States filed a motion to dismiss this action (D.E. 72), to which Movant has not responded. For the reasons stated below, Movant's § 2255 motion is **DENIED**.

**I. Background**

On April 8, 2015, Movant was charged with conspiracy to transport unlawful aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i). On August 6, 2015, Movant pled guilty before the Magistrate Judge pursuant to a written plea agreement in which she waived her right to appeal or collaterally attack her conviction or sentence. This Court accepted the Findings and Recommendation on Plea of Guilty and ordered the Probation Office to prepare a Presentence Investigation Report.

Movant's base offense level was 12. She received the following enhancements: (1) six levels because she transported between 25 and 29 undocumented aliens during the offense; (2) two levels because the offense involved transporting a minor who was

unaccompanied by a parent or grandparent; (3) two levels because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury; (4) three levels because Movant was a manager or supervisor (but not an organizer or leader), and the criminal activity involved five or more participants or was otherwise extensive; and (5) two levels because Movant used or attempted to use a minor to commit the offense or assist in avoiding detection or apprehension. She also received a three-level credit for acceptance of responsibility. Based on a total offense level of 24 and a criminal history category of V, Movant's guideline range of imprisonment was 92 to 115 months.

The Court sentenced Movant to 42 months' imprisonment, to be followed by three years' supervised release. Judgment was entered November 30, 2015. Movant did not appeal. The judgment became final on December 14, 2015. Movant filed the present motion on August 4, 2016. It is timely.

## II. Movant's Allegations

Movant's § 2255 motion raises two claims, set forth in their entirety below:

> GROUND ONE: On the chart made presented to me when given my ple[a] barg[ai]n, I was at the bottom of the co-defendants. I never called any shots, I was at the bott[o]m of the pyramid. Minor Enrol[l]ement. My husband Alejandro Garza-Pena, worked for Jose Paz Martinez as well as the b[r]other of Alejandro, David Garza Pena, I was no leader. I never paid anyone on the chart in my PS[R]. I am at the bottom.
>
> GROUND TWO: My husband state[]s he was the boy working under the boss, his partner his brother, his workers what he paid them. I am legal[l]y married to him, yet I didn't know of the transportation till his incarceration. Thank you.

D.E. 68, pp. 4–5.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. Analysis

The Government argues that Movant's allegations in Grounds One and Two fail to state a claim for which relief can be granted under § 2255 and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

The Court construes Count One to argue that Movant should not have received a three-level enhancement under U.S.S.G. § 3B1.1(b) for being a supervisor or manager, but should have instead received a two-level decrease under U.S.S.G. § 3B1.2(b) for minor role. At an offense level of 19 and criminal history category of V, Movant's new guideline range would be 57 to 71 months' imprisonment. The 42-month sentence Movant received is still lower than the lowest end of her proposed guideline range. Movant's sentence is not subject to collateral attack on this ground.

The Court is unable to construe Count Two in any manner that would state a cognizable claim under § 2255.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. Conclusion

For the reasons stated herein, the Government's motion to dismiss (D.E. 72) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 68) is **DENIED**.

So **ORDERED** this ____ day of ___1/17/17___, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE